for the death of one struck by a street car in crossing the track, the evidence showed that plaintiff's intestate, while looking in another direction, stepped on the track when the car was six or eight feet away and approaching at a good rate of speed, and that its gong was sounding and it was lighted and its headlight was burning. It did not appear that he looked for the car or that his view of it was obstructed, but it did appear that, if he had looked, he must have seen it. The evidence further showed that the speed of the car was not excessive and plaintiff admitted that defendant used all efforts to avoid the injury after the peril was discovered. *Held*, that plaintiff's intestate was not in the exercise of ordinary care, but was guilty of such contributory negligence as to preclude a recovery.

2. APPEAL AND ERROR, § 1810*—*when case reversed with finding of fact.* The power of the Appellate Court to reverse a judgment of the trial court with a finding of fact is not confined to cases in which the latter might properly direct a verdict.

## C. E. Malm and L. M. Malm, Defendants in Error, v. Harry I. Schwimmer, Plaintiff in Error.

### Gen. No. 21,766. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed May 29, 1917.

### Statement of the Case.

Action by C. E. Malm and L. M. Malm, plaintiffs, against Harry I. Schwimmer, defendant, on a lease. There was a judgment by confession whereupon defendant moved to set it aside and for permission to appear and defend on the merits. To reverse an order denying this motion, defendant prosecutes this writ of error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

WILLIAM GILLESPIE, for plaintiff in error.

No appearance for defendants in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

LANDLORD AND TENANT, § 330*—*when affidavit of defense in support of motion to set aside judgment by confession on lease is sufficient.* Where the purport of the facts set forth in an affidavit in support of a motion to set aside a judgment entered by confession on a lease and to be permitted to appear and defend on the merits is that the parties intended that the lease should not take effect on its delivery, but that the delivery was conditional upon the doing of something by the lessors before it should take effect, such affidavit tends to show a good defense which the court should have permitted defendant to present.

---

## Mary Held, Appellee, v. Bankers Insurance Corporation, Appellant.

### Gen. No. 22,320.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. RUFUS F. ROBINSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded. Opinion filed May 29, 1917. Rehearing denied June 7, 1917.

### Statement of the Case.

Action by Mary Held, plaintiff, against the Bankers Insurance Corporation, defendant, to recover on a benefit certificate issued by a Nebraska society, the business of which was "taken over" by an insurance

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.